IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAKOTA HOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE No. 1:20-cv-03221-TCB |
| WOODSTOCK VILLAGE II, LP, ) | |
| ) | |
| Defendant. ) | |

**JOINT STIPULATION TO APPROVE CONSENT DECREE
AND TO DISMISS WITH PREJUDICE**

Plaintiff, Dakota Holt ("Plaintiff") and Defendant Woodstock Village II, LP, ("Defendant") (collectively, the "Parties") hereby file the foregoing Joint Stipulation seeking the Court's Approval of the Parties' Consent Decree and to Dismiss the instant matter with Prejudice. In support thereof, the Parties show the Court as follows:

1.  Plaintiff filed the instant cause of action alleging that a certain Facility and Property owned by Defendant (as defined in Plaintiff's Complaint, Doc. 1 at ¶¶10 and 12) violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

2.  The matters raised by Plaintiff's Complaint have been resolved in

accordance with the Consent Decree ("Agreement") attached hereto as Exhibit "A."

3.    The Consent Decree attached to the foregoing Stipulation as Exhibit A represents an agreement in which Defendant has undertaken to modify the Facility and Property at issue in this case to conform to the 2010 ADAAG standards to the maximum readily achievable extent, promoting wheelchair accessibility for disabled individuals, and is in the public interest. "District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa*, 117 F.3d 1238, 1240 (11th Cir. 1997).

4.    In accordance therewith, the Parties request that the Court review, approve and ratify the Agreement.

5.    Additionally, the Parties request the Court retain jurisdiction to enforce the terms of the Agreement. *See American Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002) ("[I]f the district court either incorporates the terms of a settlement into its final order of dismissal *or* expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement").

6.    This Agreement is conditioned upon the Court's retaining jurisdiction to enforce said Agreement.

7.    As part of the Agreement reached between the Parties, they have agreed to dismiss this case with prejudice. Accordingly, the Parties request, upon the

Court's review, approval and ratification of the Agreement, that this action be dismissed with prejudice.

8. Except as otherwise stated in the Agreement, each party shall bear their own fees and costs.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the attached Agreement, dismissing the claims asserted by Plaintiff against Defendant with prejudice, and retaining jurisdiction to enforce the Agreement.

Dated: October 9, 2020.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

/s/David M. Messer
David M. Messer
Georgia Bar No. 771007
Briskin, Cross & Sanford, LLC
33 South Main Street, Suite 300
Alpharetta, Georgia 30009
Tel: (770) 410-1555

Fax: (770) 410-3281
dmesser@briskinlaw.com

## CERTIFICATE OF SERVICE

I certify that on October 9, 2020, I filed the within and foregoing Stipulation to Approve Consent Decree and Dismiss with Prejudice using the CM/ECF System for the federal District Court for the Northern District of Georgia, resulting in a true and correct copy of the same to be served via electronic mail as follows:

David M. Messer, Esq.
Briskin, Cross & Sanford, LLC
33 South Main Street, Suite 300
Alpharetta, Georgia 30009
dmesser@briskinlaw.com

/s/Craig J. Ehrlich
Craig J. Ehrlich

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich